# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PHELPS, ) | 1:09cv1925 AWI DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN CLAIMS WITHOUT LEAVE TO AMEND |
| v. ) | |
| CHRISTAIN RAMOS, et.al., ) | ORDER GRANTING PLAINTIFF LEAVE TO AMEND CERTAIN CLAIMS |
| Defendants. ) | |

Plaintiff Billy Phelps ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 2, 2009. He names Christain Ramos, M. Sotelo and David Lomeli, Fresno police officers, as Defendants. His complaint arises out of an incident on November 18, 2009.

## DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to

1

1  amend may be granted to the extent that the deficiencies of the complaint can be cured by
2  amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

3  B.   Failure to State a Claim

4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
7  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13 C.   Allegations

14     According to the complaint, Plaintiff alleges that on November 18, 2008, he arrived at the
15 Family Express Mini Market located in Fresno, California. On his way to enter the store, several
16 police cars surrounded the car that he had just exited. The car was occupied by two passengers.
17 As the officers approached Plaintiff, he heard one of them say "get that n****er." Plaintiff feared
18 for his safety and tried to flee. As he ran, Plaintiff "felt hard objects" striking him in the upper
19 back and shoulder area. His momentum kept him "on the move," crossing the intersection,
20 knocking him to the ground in the middle of the street and causing him to get hit by a passing
21 vehicle. Plaintiff alleges that he stumbled off the car and continued to flee. At that time, the
22 whole left side of his body locked up. He was paralyzed as he fell to the ground. Plaintiff then
23 was arrested and it was brought to his attention that he had been shot in the lower back. He was
24 taken to Community Regional Medical Center and underwent two major surgeries during a seven-
25 day period.

26     Plaintiff alleges that Fresno Police Department officials arranged a cover-up to justify
27 Defendant Ramos' unreasonable use of his department issue bretta (sic) handgun and filed false
28

reports. Plaintiff further alleges that Officers Lomeli, Ramos and Sotelo worked in concert to cover up true facts "of case #08-097906."

Plaintiff asserts three claims: (1) deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; (2) violation of due process and equal protection in violation of the Fourteenth Amendment to the United States Constitution; and (3) fabrication of legal documents for purposes of malicious prosecution in violation of California Penal Code §§ 118.1, 133 and 134. Plaintiff seeks compensatory and exemplary damages.

D.   Discussion

    1.   Eighth Amendment Claim

Plaintiff alleges that Defendant Officer Ramos' actions were unjustified and penologically unnecessary. He claims a violation of the Eighth Amendment for cruel and unusual punishment. The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. Because Plaintiff was not a convicted prisoner at the time, the Fourth Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force. See Graham v. Connor, 490 U.S. 386, 394 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct"; where excessive force claim arises in the context of effecting arrest it is properly characterized as invoking the protections of the Fourth Amendment). Although Plaintiff has alleged "excessive force," Plaintiff has not identified the Fourth Amendment as the precise constitutional violation charged in his Complaint. However, the Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency.

    2.   Fourteenth Amendment

As his second claim, Plaintiff asserts that the falsification of documents, testimony and evidence by Defendants Sotelo, Lomeli and Ramos to cover up Plaintiff's unjustified shooting and

for malicious prosecution violated his Fourteenth Amendment due process and equal protection rights. "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." Awabdy, 368 F.3d at 1066 (citations omitted). "An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Id. at 1068.

Here, Plaintiff has not made any factual allegations to establish that any prior proceeding terminated in a manner to indicate his innocence. Accordingly, he fails to state a claim for malicious prosecution. As with the previous claim, Plaintiff will be given the opportunity to file an amended complaint, and to the extent that he is able, cure this deficiency.

### 3. State Law Claims for Violation of Penal Code

As his third claim for relief, Plaintiff asserts that Defendants Lomeli, Sotelo and Ramos fabricated legal documents for the purpose of malicious prosecution in violation of California Penal Code §§ 118.1, 133 and 134. However, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The Court has reviewed Penal Code sections 118.1, 133 and 134 and there is no indication that civil enforcement of any kind is available to Plaintiff. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims premised on violations of California Penal Code sections because they did not create enforceable individual rights). Accordingly, Plaintiff fails to state a claim upon which relief may be granted based on the alleged violations of sections 118.1, 133 and 134 and the Court RECOMMENDS that this claim be DISMISSED WITHOUT LEAVE TO AMEND.

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's state law claims for violation of the California Penal Code BE DISMISSED WITHOUT LEAVE TO AMEND.

The Court further RECOMMENDS that the remaining claims BE DISMISSED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff is only granted leave to amend his excessive force and malicious prosecution claims. If Plaintiff attempts to amend beyond this claim, the Court will recommend that the entire action be dismissed.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

 Dated:   December 23, 2009                           /s/ Dennis L. Beck
                                              UNITED STATES MAGISTRATE JUDGE