IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PHELPS,<br><br>    Plaintiff,<br><br>  vs.<br><br>CHRISTAIN RAMOS, et al.,<br><br>    Defendants. | 1:09cv01925 AWI DLB<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND EXCESSIVE FORCE AND MALICIOUS PROSECUTION CLAIMS, AND ORDER TO SHOW CAUSE<br>(Document 10) |

On November 2, 2009, Plaintiff Billy Phelps ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed the instant action civil rights action pursuant to 42 U.S.C. § 1983.

On December 23, 2009, the Court issued Findings and Recommendation that Plaintiff's state law claims for violation of the California Penal Code be dismissed without leave to amend. The Court also recommended that Plaintiff be given leave to amend his remaining claims for excessive force and malicious prosecution.

On February 18, 2010, the Court issued an order adopting the Findings and Recommendation. The order also directed Plaintiff to file an amended complaint within thirty (30) days of the date of service of the order.

On February 25, 2010, Plaintiff filed a document entitled "Leave to Amend Excessive Force and Malicious Prosecution Claims, and Order to Show Cause." In the document, Plaintiff indicates

1

that he is willing to dismiss his malicious prosecution claim and proceed with an excessive force claim. The Court construes Plaintiff's request as a motion for leave to amend.[1] However, as the Court has already granted Plaintiff leave to amend his excessive force and malicious prosecution claims, the request for leave to amend is DENIED AS MOOT.

As previously ordered, Plaintiff shall file an amended complaint within thirty (30) days of service of the Court's February 18, 2010 order. Failure to comply with that order will result in a recommendation that this action be dismissed for failure to follow the Court's orders.

Plaintiff is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS SO ORDERED.

Dated:   **February 27, 2010**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff's motion is a response to the Order to Show Cause issued on February 8, 2010, the Court notes that the Order to Show Cause was discharged on February 23, 2010.

2