1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PHELPS, | ) 1:09cv1925 AWI DLB |
| | ) |
| | ) |
| Plaintiff, | ) ORDER DISMISSING AMENDED |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| | ) AMENDED COMPLAINT DUE WITHIN |
| CHRISTAIN RAMOS, et.al., | ) THIRTY (30) DAYS |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff Billy Phelps ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 2, 2009.  On February 18, 2010, the Court dismissed Plaintiff's state law claims without leave to amend, but granted Plaintiff leave to amend his excessive force and malicious prosecution claims.  On March 17, 2010, Plaintiff filed an amended civil rights complaint.

## DISCUSSION

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.    Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.    Discussion

In his amended complaint, Plaintiff reasserts his claim for deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment and his claim for malicious prosecution.  Plaintiff's factual allegations remain as stated in his original complaint.

1.    Eighth Amendment Claim

The Court previously explained that because Plaintiff was not a convicted prisoner at the time of the allegations in his complaint, the Fourth Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force.  See Graham v. Connor, 490 U.S. 386, 394 (1989) (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct"; where excessive force claim arises in the context of effecting arrest it is properly characterized as invoking the protections of the Fourth Amendment).  Although Plaintiff again has alleged "excessive force," Plaintiff continues to assert a violation of his Eighth Amendment, not the Fourth Amendment.  The Court will provide Plaintiff with a final opportunity to file an amended complaint curing this deficiency.

1

        2.      Malicious Prosecution

2      Plaintiff reasserts his claim of malicious prosecution in violation of his Fourteenth

3   Amendment due process and equal protection rights.  The Court previously advised Plaintiff that

4   "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the

5   prior proceedings terminated in such a manner as to indicate his innocence."  Awabdy v. City of

6   Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d

7   1180, 1189 (9th Cir. 1995)).  In his amended complaint, Plaintiff again has failed to make factual

8   allegations to establish that any prior proceeding terminated in a manner to indicate his

9   innocence.  Accordingly, he has failed to state a claim for malicious prosecution.  As with the

10  previous claim, Plaintiff will be given a final opportunity to file an amended complaint, and to

11  the extent that he is able, cure this deficiency.

12  D.      Amended Complaint

13      Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete

14  in itself without reference to any prior pleading.  As a  general rule, an amended complaint

15  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

16  Plaintiff files an amended complaint, the original pleading no longer serves any function in the

17  case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

18  involvement of each defendant must be sufficiently alleged.

19      Accordingly, Plaintiff's amended complaint is DISMISSED WITH LEAVE TO

20  AMEND.  Plaintiff SHALL file an amended complaint within thirty (30) days of the date of

21  service of this order.  Plaintiff is granted a final opportunity to amend his excessive force and

22  malicious prosecution claims.  If Plaintiff attempts to amend beyond these claims or again fails to

23  state a claim, the Court will recommend that the entire action be dismissed.  Furthermore, failure

24  to comply with this order will result in a recommendation of dismissal of this action.

25      IT IS SO ORDERED.

26   Dated:   __April 1, 2010__          _____/s/ Dennis L. Beck_____
                                         UNITED STATES MAGISTRATE JUDGE
27

28

                                      3