# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PHELPS, | CASE NO.   1:09-cv-1925-AWI-SKO |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORM** |
| v. | |
| CHRISTIAN RAMOS, | |
| Defendant. | |

Plaintiff Billy Phelps ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 2, 2009. On February 18, 2010, the Court dismissed Plaintiff's state law claims without leave to amend, but granted Plaintiff leave to amend his excessive force and malicious prosecution claims. On March 17, 2010, Plaintiff filed an amended civil rights complaint. The First Amended Complaint ("FAC") was also dismissed, but Plaintiff was granted thirty (30) days to amend. On May 3, 2010, Plaintiff filed a Second Amended Complaint ("SAC") against Defendant Officer Christian Ramos for excessive force and malicious prosecution in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

# DISCUSSION

**A.    Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.    Failure to State a Claim**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**C.    Analysis**

    **1.    Plaintiff Adequately States a Claim for Excessive Force in Violation of the Fourth Amendment Pursuant to Section 1983.**

The Fourth Amendment guarantees the right "to be secure in their persons . . . against unreasonable . . . seizures." U.S. CONST. AMEND. IV. Claims alleging law enforcement officials used excessive force during an arrest, investigatory stop, or other seizures should be analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Brummund v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003).

2

Plaintiff alleges that Defendant Officer Ramos' actions were "unjustified and penologically unnecessary." SAC at 3. Plaintiff asserts that he was shot in the back by Officer Ramos during the course of his arrest and that such force was not objectively reasonable given that "plaintiff never pointed a firearm at defendant Ramos." SAC at 3:19-20. Plaintiff has specifically identified the Fourth Amendment as the constitutional premise for his excessive force claim, asserting that his Fourth Amendment rights were violated during the course of his arrest on November 18, 2008. Therefore, under the Fed. R. Civ. P. Rule 8 notice pleading standard, Plaintiff has adequately stated a claim against Officer Ramos for excessive force in violation of his constitutional rights under the Fourth Amendment.

**2. Plaintiff Adequately Alleges a Claim for Malicious Prosecution in Violation of the Fourteenth Amendment Pursuant to Section 1983.**

Plaintiff reasserts his claim of malicious prosecution in violation of his Fourteenth Amendment due process and equal protection rights. "In order to prevail on a [Section] 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066 (citations omitted). "An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Id.* at 1068 (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Here, Plaintiff asserts that he was charged with "assault on a police officer" for conduct that occurred during the course of his arrest on November 18, 2008. SAC at 2. Plaintiff asserts that this charge was maliciously instituted "to justify [O]fficer Ramos' unreasonable use of his department[-]issued ber[e]tta handgun." SAC at 2. Plaintiff contends that Defendant Ramos fabricated the assault allegation in an attempt to "frame" Plaintiff because he is African American

3

and that this conduct amounted to a violation of Plaintiff's due process rights and his right to equal protection under the Fourteenth Amendment.

Considering the allegations in the light most favorable to Plaintiff, the contention that Plaintiff did not point a gun at the police officers during the course of his arrest amounts to an assertion that there was no probable cause to support a charge of assault.  Plaintiff asserts that the charge of assault was fabricated against him because he is African American, implicating the Fourteenth Amendment's equal protection clause.  *See* SAC at 3:7-8 ("This was a racially motivated so called buy and bust targeted at Afro Americans with the intent to cause death.").  Plaintiff specifically alleges that the assault charge was later dropped – an allegation that the proceedings were terminated in a manner that indicates his innocence.  *See* SAC at 2:20-21 ("Plaintiff was charged with assault on a police officer which was dropped because there was no assault.").

Accepting the allegations in the complaint as true and construing them in a manner most favorable to Plaintiff, he has adequately asserted a claim for malicious prosecution in violation of the Fourteenth Amendment pursuant to Section 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for Defendant Officer Christian Ramos.
2. The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the second amended complaint filed May 3, 2010.
3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:
    a. Completed summons;
    b. One completed USM-285 form; and
    c. Two copies of the endorsed second amended complaint filed May 3, 2010.
4. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

1 |     5.    **The failure to comply with this Order will result in a Recommendation that this action be dismissed.**

 

IT IS SO ORDERED.

**Dated:**   **June 10, 2010**                  /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE