IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PHELPS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTIAN RAMOS,<br><br>        Defendant. | CV F 09-1925 AWI SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Doc. # 28 |

    This is a civil rights action for damages by *pro se* plaintiff Billy Phelps ("Plaintiff") against defendant Fresno Police Officer Christian Ramos ("Defendant") arising from the shooting of Plaintiff by Defendant during the arrest of the former by the latter. Plaintiff's Second Amended Complaint ("SAC") alleges two claims for relief. Although the claims are somewhat confusingly and incompletely set forth, the court presumes the claims allege violation of Plaintiff's rights under the Fourth amendment and under the due process and equal protection provisions of the Fourteenth Amendment, respectively. The court also presumes both claims for relief are alleged pursuant to 42 U.S.C. § 1983. In the instant motion, Defendant moves for summary judgment as to each of Plaintiff's claims for relief. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff continues to represent himself in this action. The currently operative SAC was

filed on May 3, 2010 following the dismissal of the original complaint and the first amended complaint.  Plaintiff's SAC continues to suffer from some ambiguity as to the legal basis for the claims being alleged, but based on the court's prior decisions denying various of Plaintiff's prior claims under the Eighth and Fourteenth Amendments with prejudice, the court finds it may infer the nature of Plaintiff's remaining claims as set forth in the SAC.  The court finds Plaintiff's First claim for relief alleges unreasonable seizure under the Fourth Amendment in violation of 42 U.S.C. § 1983.  The court finds Plaintiff's second claim for relief alleges malicious prosecution in violation of the procedural due process and equal protection provisions of the Fourteenth Amendment.  Plaintiff's second claim for relief is also asserted pursuant to 42 U.S.C. § 1983.

Defendant's instant motion for summary judgment was filed on February 8, 2010.  As of this writing, Plaintiff has filed no response at all to Defendant's motion.  A review of Defendant's moving papers indicates the motion for summary judgment and all related documents were served on Plaintiff at both his prior prison address and at the most recent address on file.  The court therefore finds that service of Defendant's moving papers on Plaintiff was proper.

Based on Plaintiff's non-opposition to Defendant's statement of undisputed material facts, the court accepts the following facts alleged by Defendant as true for purposes of this discussion:

At approximately 11:00 p.m. on the evening of November 18, 2008, Fresno Police Officer Campos received a call reporting two male African-American subjects dealing narcotics in the area of Glenn and Belmont.  Officer Campos made an undercover telephone call with a person identified by the informant caller as "Ernest."  Officer Campos arranged to purchase cocaine from Ernest in front of a mini-market at Effie and Belmont.  A number of officers converged on the site.  One African-American male, later identified as "Ernest" remained in the car and the other, later identified as Plaintiff, exited the car.  Plaintiff was ordered to stop by uniformed police officers but instead ran away.

As he ran away, Plaintiff was first shot with non-lethal bean bag rounds. Plaintiff continued running across a street and into the path of an oncoming vehicle. Plaintiff was struck by the vehicle and after rolling off the vehicle Plaintiff reached into a pocket with his right hand and pulled a bag containing cocaine out and threw the bag away with his left hand. At the time Plaintiff collided with the vehicle, Defendant clearly saw a handgun in Plaintiff's right hand. Officers yelled at Plaintiff to "*Stop. Drop your gun!*" When Plaintiff did not drop the gun Defendant fired a single shot that struck Plaintiff in the back. Plaintiff thereafter dropped the loaded handgun and was taken into custody without further resistance.[1] Medical aid for the gunshot wound was provided.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although the party moving for summary judgment always has the initial responsibility of informing the court of the basis for its motion, the nature of the responsibility varies "depending on whether the legal issues are ones on which the movant or the non-movant would bear the burden of proof at trial." Cecala v. Newman, 532

---

[1] Defendant alleges a number of undisputed material facts that relate to Plaintiff's status at the time of his flight from the police officers including allegations that Plaintiff knew he was guilty of being a felon in possession of cocaine and in possession of a loaded handgun. While these facts are not opposed, they are not included here because they are not relevant to the issue of what the arresting officers knew at the time the shots were fired.

F.Supp.2d 1118, 1132-1133 (D. Ariz. 2007).  A party that does not have the ultimate burden of persuasion at trial – usually but not always the defendant – "has both the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment."  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. 248-49; Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

4

trial." First Nat'l Bank, 391 U.S. at 290; T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**DISCUSSION**

As an initial matter, the court notes that the factual context established by Defendant's unopposed undisputed material facts differs considerably from what was alleged in the SAC. Basically, the SAC alleges that as police officers converged on the convenience store and as they approached Plaintiff an officer yelled "Hey, get that nigger!" causing Plaintiff to flee for his life. Plaintiff alleges the epithet was used purposefully so that Plaintiff would be forced to flee so that Defendant could shoot Plaintiff.  In failing to oppose Defendant's motion for summary judgment, Plaintiff has left Defendant's version of the facts unchallenged and has failed to put forward any contravening set of facts.  As previously noted, Defendant's undisputed material facts prevail to the extent there is any conflict between those facts and what Plaintiff has alleged.

**I. Plaintiff's Fourth Amendment Claim**

"[A] Fourth Amendment seizure [occurs] ... when there is a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 596–597(1989). "To determine the constitutionality of a seizure '[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.' [Citations.]" Tennessee v. Garner, 471 U.S. 1, 8 (1985) ("Garner") (quoting United States v. Place, 462 U.S. 696, 703 (1983)). The court's analysis of the reasonableness to the force employed in the seizure of a free citizen is set forth by the Supreme Court in Graham v. Connor, 490 U.S. 386 (1989). In Graham, the Court set forth "a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable: we must pay careful attention to (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape." Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (citing Graham, 490 U.S. at 388); see Shannon v. City of Costa Mesa, 46 F.3d 1145, 1995 WL 45723 (9th Cir. 1995) at *4 (the most important element in an excessive force claim is whether the suspect poses an immediate threat to the safety of the officers or others). In addition, where feasible, the officer must have given the suspect some warning. Garner, 471 U.S. at 12.

It bears emphasizing in this case that "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Thus, it is not relevant in this case whether Defendant had a racially inappropriate motive for shooting or whether someone use a racial epithet; the sole issue is whether the use of lethal force by Defendant was reasonable under all the circumstances.

Although Defendant's list of undisputed material facts is drawn from the declarations of all of the participating officer and from Plaintiff's deposition, it is Defendant's declaration that

provides the greatest clarity as to the circumstances he encountered.  Defendant declares:

> ¶3.  As we arrived on Belmont, I observed a subject fitting the description (later identified and hereafter referred to as Plaintiff [. . .] ) ran directly into the side of a passing vehicle.  While it appeared that Phelps was attempting to open the driver's door of the vehicle, I clearly saw what appeared to be a black handgun in Phelp's right hand.  The passing vehicle drove off as Phelps continued running.  In an attempt top cut off his path, I parked our police car in the street and exited with my gun drawn while several officers were yelling at Phelps to stop.
>
> ¶4.  As Phelps continued to run from officers, I saw him turn in my direction with the gun still in his right hand.  Fearing that he would shoot me, other officers or civilians, I fired my handgun.  Although I initially didn't realize that I had hit him, Phelps stopped and threw his handgun so I stopped firing.

Doc. # 28-2 at ¶¶ 3-4.

From the facts alleged by Defendant as well as the proffer of undisputed material facts, the court finds that, at the time Defendant fired the shot that struck Plaintiff, Defendant had a factual basis to form the belief that (1) Plaintiff was fleeing from a drug trafficking crime scene despite orders from law enforcement officers to stop, (2) Plaintiff was armed with a handgun, (3) Plaintiff was willing to use the handgun against a civilian to facilitate his escape if the situation presented itself, and (4) that Plaintiff had taken the handgun in his hand and was in imminent danger of shooting at Defendant, other officers or civilian persons.  The court also finds Defendant had a factual basis to believe that Plaintiff had been repeatedly warned to stop whether or not Defendant himself actually warned Plaintiff.  The court also finds that the underlying illegal act – dealing narcotic drugs – while not necessarily violent or dangerous, may frequently become so where armed individuals engage in it.

The court concludes that Defendant's application of lethal force against Plaintiff was reasonable under all the circumstances known to Defendant at the time.  Consequently, there is no Fourth Amendment violation.  Defendant is therefore entitled to summary judgment as to Plaintiff's first claim for relief.

**II. Plaintiff's Fourteenth Amendment Claim**

Plaintiff's second claim for relief is vague and confusing.  At its core, it alleges the falsification of documents to cover up the unjustified shooting of Plaintiff.  It also appears to

7

allege malicious prosecution. Defendant's motion for summary judgment does not address Plaintiff's second claim for relief, perhaps in the understanding that Plaintiff has revealed absolutely no facts to indicate falsification of records and did, in fact, admit essentially all relevant facts pertaining to the events in question during his deposition. So far as the court can tell, Plaintiff's second claim for relief is a reassertion of claims for malicious prosecution that were asserted and dismissed with leave to amend in Plaintiff's two prior complaints. In the Magistrate Judge's Findings and Recommendations filed December 23, 2009, dismissal of Plaintiff's malicious prosecution claim was recommended on the ground "Plaintiff has not made any factual allegations to establish that any prior proceeding terminated in a manner to indicate his innocence." Doc. #6 at 4:11-12; see Awabdy v. City of Andelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (individual bringing malicious prosecution claim "must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence"). The Magistrate Judges Findings and Recommendations filed April 2, 2010, recommended dismissal of Plaintiff's malicious prosecution claim set forth in the First Amended Complaint for essentially the same reason.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right' [Citation.]" Awabdy, 368 F.3d at 1066 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002). Plaintiff, through his deposition, admits that he was armed, that he was carrying a loaded weapon, that he was carrying a narcotic drug, and that he was fleeing from law enforcement officers despite being told to stop. Further, Defendant's allegation that Plaintiff was holding his weapon in his hand and that he had turned so as to be partially facing Defendant at the time Defendant fired the shot that struck Plaintiff is not rebutted. California

Penal Code § 245(d)(1) makes it a felony to commit an assault[2] on a police officer with a firearm. As discussed above, the court has found that Defendant had reason to believe that Plaintiff was in possession of a firearm and that Plaintiff might try to commit an injury upon Defendant in order to facilitate his unlawful flight from the police.  The court therefore finds that, whether or not Plaintiff had anything to do with charges having been filed against Plaintiff for assault on a police officer, Defendant has carried his initial burden to show that there is no remaining issue of material fact as to whether probable cause for the arrest existed.  Since Plaintiff has failed to satisfy his burden to show by way of opposing evidence that a material fact continues to exist with respect to probable cause for his arrest and prosecution, Defendant is entitled to summary judgment as to Plaintiff's second claim for relief.

**III. Qualified Immunity**

Defendant also contends he is not liable for Plaintiff's constitutional harms by reason of qualified immunity.  To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc).  If no constitutional right was violated, immunity attaches and the inquiry ends.  Saucier, 533 U.S. at 201.  If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case.  Id.  Finally, the contours of the right must be clear enough that a reasonable officer would understand whether his or her acts violate that right.  Id. at 202.

The court has conducted an analysis of Plaintiff's Fourth and Fourteenth Amendment claims against Defendant and has concluded that there was no constitutional violation. Defendant is therefore entitled to qualified immunity as to Plaintiff's constitutional claims.

---

[2]  Assault with a deadly weapon is "is an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another with a deadly weapon." People v. Parks, 4 Cal.3d 955, 959 n.1 (1971).

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that Defendant's motion for summary judgment is hereby GRANTED as to all claims for relief alleged in Plaintiff's Second Amended Complaint. The Clerk of the Court shall therefore ENTER JUDGMENT in favor of Defendant as to all claims and shall CLOSE THE CASE.

IT IS SO ORDERED.

Dated:     May 14, 2011

CHIEF UNITED STATES DISTRICT JUDGE